**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| ARKADY BIBERMAN, |
| Plaintiff, |
| -v- |
| 150 RFT VARICK CORP., d/b/a W.I.P./ GREENHOUSE; LUCKY STIFFS, INC.; LARRY HUGHES; MARK FASSET; HIRO SAI; JOEL Z. ROBINSON; ANDY S. OBERMAN, |
| Defendants. |

16-cv-2307 (KBF)

**MEMORANDUM OF LAW IN SUPPORT OF HUGHES MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff asserts that Defendant Larry Hughes ("Hughes") violated the Fair Labor and Standards Act (FLSA) in his capacity as an alleged shareholder and manager of Defendant 150 RFT Varick Corp. ("Varick"). Hughes presents conclusive evidence that he is neither.

The material facts in this case are not disputed, as Hughes moved for dismissal as an improper party. Indeed, Plaintiff's sole piece of evidence connecting Hughes to Varick, and thus to his FLSA allegations, is a single email exchange between Plaintiff and another defendant, to which Hughes is carbon copied. In contrast, Hughes provides here, by his own testamentary evidence and that of Varick's corporate counsel at all times relevant to this case, conclusive proof that Hughes is not connected to Varick as Plaintiff alleges and thus has been improperly added as a defendant.

**STATEMENT OF FACTS**

On March 29, 2016, Plaintiff filed its Complaint with this Court and an Electronic Amended Summons issued to Hughes on April 14, 2016. On August 10, 2016, Plaintiff moved this Court to allow for service of the Summons and Complaint by alternative means, specifically email, on the basis that Plaintiff had exhausted all other means of locating Hughes.[1] This Court issued an Order granting service by email on October 3, 2016, and on October 6, 2016 Plaintiff filed a Certificate of Service of Summons and Complaint on Hughes with this Court.

Hughes filed a Motion to Dismiss Improper Party, Lack of Jurisdiction and Failure to State a Claim on September 28, 2017. On October 3, 2017 Plaintiff filed his

---

[1] A simple search engine search for Hughes' name results in Hughes' work address and email address – the same email address presented by Plaintiff to this Court.

2

Opposition, citing the email he provided this Court proving he obtained Hughes' email address as evidence Hughes was a shareholder and manager of Varick.

On October 4, 2017, this Court denied Oberman's Motion to Dismiss, stating "argument alone" was insufficient to overcome the evidence, such as it was, that was provided in Plaintiff's opposition, and denied reply, as no evidence was provided in the original pleading.

## **ARGUMENT**

**A. Standard of Review**

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the initial burden of establishing that there are no material facts in dispute and must provide "affirmative evidence" from which a factfinder could return a verdict in its favor. *Id*. at 257. Then "the burden shifts to the non-movant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord,* 467 F.3d 263, 273 (2d Cir. 2006). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs*., LP, 22 F.3d 1219, 1224 (2d Cir. 1994).

In determining whether summary judgment is appropriate, the Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment is improper if "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party . . ." *Chambers v. TRM Copy Ctrs. Corp*., 43 F.3d 29, 37 (2d Cir. 1994). To create a disputed fact sufficient to deny summary judgment, the non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . ." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993). Instead, the response "must set forth specific facts demonstrating that there is a genuine issue for trial." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (citation and internal quotation marks omitted).

### B. No Genuine Material Fact Exists & Hughes Is Entitled To Judgment As A Matter Of Law

Hughes is not disputing a single material fact in the complaint. The purpose of Hughes' previous Motion to Dismiss, as well as his instant Motion for Summary Judgment, is to remove his name from this case as an improper party. By Hughes' proffered evidence and Plaintiff's failure to provide any evidence sufficient to connect Hughes to Varick (because there is none), Hughes is entitled to judgment as a matter of law.

#### 1. Hughes Has Provided Affirmative Evidence Supporting His Claim

Hughes, by his own affidavit and the affirmation of Monte Albers de Leon, firmly establishes that he was never a shareholder or manager of Varick. This evidence more than overcomes the "extraordinarily thin" proffer by Plaintiff as his only attempt to link Hughes to Varick and thus to the Complaint.

#### 2. Plaintiff Has No Record Evidence Creating A Genuine Issue Of Material Fact

Plaintiff, on the other hand, can only point to the email in which Hughes is carbon copied as his only piece of evidence of Hughes' involvement with Varick and thus, any of the allegations in the Complaint. This "evidence" is woefully insufficient as already pointed out by this Court and does not create a genuine issue of material fact.

#### 3. There Are No Issues For Trial

As there are no material issues of fact in this case, this Court has no issues to decide for trial. Accordingly, this case as pertains to Hughes may be decided as a matter of law.

## **CONCLUSION**

For the above reasons, we recommend that Hughes' motion for summary judgment be granted in its entirety.

DATED: October 4, 2017

                                                   */s/ Monte Albers de Leon*
                                                   ALBERS DE LEON LLC
                                                   Monte Albers de Leon, Esq.
                                                   31 West 34th St.
                                                   Suite 7093
                                                   New York, NY  10001
                                                   (212) 580-8260
                                                   monte@montealbersdeleon.com
                                                   *Attorneys for Defendant Andy S.*
                                                   *Oberman & Larry Hughes*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2017, a true and correct copy of the foregoing Notice of Appearance was filed electronically and is available for viewing and downloading from the ECF system, and was also served by First Class Mail on:

Mikail Usher, Esq.
Usher Law Group, P.C.
2711 Harway Ave.
Brooklyn, NY  11214

                                                         /s/ Monte Albers de Leon