UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                   :
  ARKADY BIBERMAN,                                                 :
                                                                   :
                                       Plaintiff,                  :
                                                                   :
                        -v-                                        :
                                                                   :
  150 RFT VARICK CORP., d/b/a W.I.P./                              :
  GREENHOUSE; LUCKY STIFFS, INC.;                                  :
  LARRY HUGHES; MARK FASSET; HIRO SAI;                             :
  JOEL Z. ROBINSON; ANDY S. OBERMAN,                               :
                                                                   :
                                       Defendants.                 :
                                                                   :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 19, 2017

16-cv-2307 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On March 29, 2016, plaintiff Arkady Biberman filed this action against defendants 150 RFT Varick Corp. d/b/a WIP/Greenhouse ("150 RFT Varick"), Lucky Stiffs, Inc. ("Lucky Stiffs"), Larry Hughes, Mark Fasset, Hiro Sai, Joel Z. Robinson, and Andy S. Oberman, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF No. 1.)

On October 12, 2016, the Court dismissed Joel Z. Robinson as a defendant. (ECF No. 67.) On February 13, 2017, the Court granted default judgment as to defendants 150 RFT Varick and Lucky Stiffs (ECF No. 68); on October 4, 2017, it granted default judgment as to defendants Fasset and Sai (ECF No. 112).

The remaining individual defendants, Hughes and Oberman, now move for summary judgment. (ECF Nos. 110, 117.) For the reasons set forth below, defendants' motion is GRANTED.

I.    BACKGROUND

   A.  Factual Background

The facts below are drawn from plaintiff's complaint.  Defendants dispute only that they are employers within the meaning of the FLSA.

Plaintiff alleges that he was employed by defendants from approximately January 1, 2011 through July 31, 2014. (ECF No. 1, Compl. ¶¶ 17, 25.) Plaintiff states: 1) that in performing his duties for defendants, he provided services paid for by persons or entities outside the State of New York; 2) that at all relevant times defendants used goods and products moved or produced in interstate commerce to carry out their business; and 3) that defendants received gross annual revenue of at least $500,000. (Id. ¶¶ 18–24.)

Plaintiff further states that he worked 40 hours weekly. (Compl. ¶ 29-1.) Plaintiff alleges that between January 1, 2011, and May 7, 2014, defendants paid him a weekly salary of $1,800 and after May 7, 2014, a weekly salary of $1,240. (Compl. ¶ 29-2.) Plaintiff further alleges that defendants failed to pay him for work performed between June 1, 2014, and July 31, 2014. (Compl. ¶ 30.)

Plaintiff asserts two causes of action: 1) "Violations of the FLSA, 29 U.S.C. § 201 et seq.;" and 2) "Violations of the New York Labor Law, Article 6 and Article 19." (Compl. ¶¶ 34–44.)

   B.  Procedural Background

On September 11, 2017, and September 27, 2017, respectively, defendants Oberman and Hughes brought motions to dismiss, claiming in part, that they were

2

improperly named as defendants.  (ECF Nos. 91, 102.)  On October 2, 2017, the

Court denied Oberman's motion, stating that he had "failed to proffer any basis to

support his claims that . . . he is not a proper defendant."  (ECF No. 108.)  At that

time, however, the Court noted that plaintiff's proffer was "extraordinarily thin"

and suggested "that if Oberman does indeed have a factual basis for his claims" that

he move under Rule 56 for Summary Judgment.  (Id.)  On October 4, 2017, the

Court denied Hughes's motion, finding that plaintiff's complaint stated a claim, and

that Hughes provided "only argument" in response.  (ECF No. 113.)

On October 3, 2017, and October 4, 2017, respectively, Oberman and Hughes

submitted motions for summary judgment, attaching to them, inter alia, their

sworn affidavits.  (ECF Nos. 110, 115, 117, 119.)  Plaintiff filed oppositions on

October 5, 2017, and defendants filed replies on October 6, 2017.  (ECF Nos. 123–

26.)

On October 10, 2017, the Court, finding deficiencies in all submissions, gave

defendants an additional opportunity to address their (lack of) relationship with the

corporate co-defendants.  At the same time, the Court informed plaintiff that the

newspaper articles he had proffered were inadmissible, but that it would give the

plaintiff an additional period of time in which to submit materials with evidentiary

value.  (ECF No. 127.)  Defendants offered additional affidavits the following day;

plaintiff requested additional time for discovery, and submitted a liquor license as

evidence.[1]  (ECF Nos. 128–30.)  The Court accordingly granted an additional forty-

---

[1] This liquor license did not include the names of either Hughes or Oberman.

five days of discovery, and encouraged plaintiff to obtain depositions from Hughes

and Oberman.   (ECF No. 131.)

Several discovery disputes followed; in sum, at the end of the forty-five days,

plaintiff had not obtained depositions from Hughes and Oberman, despite both

defendants offering at least five separate days on which depositions could be taken.

Nor did the plaintiff timely inform the Court of his difficulties.  As such, when the

forty-five days had passed, plaintiff submitted no additional evidence whatsoever.

II.    LEGAL PRINCIPLES

A. Summary Judgment

Summary Judgment may not be granted unless a movant shows, based on

admissible evidence in the record, "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  The moving party bears the initial burden of demonstrating "the

absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986).  When the moving party does not bear the ultimate burden on a

particular claim or issue, it need only make a showing that the non-moving party

lacks evidence from which a reasonable jury could find in the non-moving party's

favor at trial.  Id. at 322–23.

In making a determination on summary judgment, the court must "construe

all evidence in the light most favorable to the non-moving party, drawing all

inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604

F.3d 732, 740 (2d Cir. 2010) (citing LaSalle Bank Nat'l Ass'n v. Nomura Asset

Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005)).  Once the moving party has

discharged its burden, the opposing party must set out specific facts showing a

genuine issue of material fact for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir.

2009).  "A party may not rely on mere speculation or conjecture as to the true

nature of the facts to overcome a motion for summary judgment," as "mere

conclusory allegations or denials cannot by themselves create a genuine issue of

material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159,

166 (2d Cir. 2010) (internal quotation marks, citations, and alterations omitted).

   B. FLSA

  Liability under the FLSA is imposed on "employers," a group that is "broadly

define[d] [to include] 'any person acting directly or indirectly in the interest of an

employer in relation to an employee.'"  Doo Nam Yang v. ACBL Corp., 427 F. Supp.

2d 327, 342–43 (S.D.N.Y. 2005) (quoting 29 U.S.C. § 203(d)). "The definition of

'employer' is similarly expansive under New York law, encompassing any 'person

employing any [employee].'"  Id. (quoting N.Y. Lab. Law §§ 2(6)).  To determine

whether a party qualifies as an "employer" under both statutes' "generous

definitions," the relevant inquiry is "'whether the alleged employer possessed the

power to control the workers in question, . . . with an eye to the economic reality

presented by the facts of each case.'"  Id. (quoting Herman v. RSR Sec. Servs. Ltd.,

172 F.3d 132, 139 (2d Cir. 1999)).

III.    DISCUSSION

Defendants argue that they are improper parties to this action.  In support of

his motion, Hughes provides two affidavits and a copy of a shareholders' agreement.

For his part, Oberman provides two affidavits.

Plaintiff argues that both defendants are properly named and proffers

several newspaper articles—none of which are admissible as evidence at trial—an

email on which Hughes and Oberman are copied, and a copy of a liquor license

which does not contain the names of either Hughes or Oberman.

Hughes's affidavit states that his "family held interest in 150 RFT Varick

Corp. through a limited liability company," that he "was copied on periodic updates

from corporate counsel" in that role, and that he "played no part in the day-to-day

operations." (ECF No. 128.)  Oberman's affidavit states that he "was a financial

advisor to [Hughes]," that he was also "copied on periodic updates" via email, and

that he "never had any role whatsoever in Varick, or any of its affiliates."  (ECF No.

129.)

Plaintiff has not offered a single piece of evidence suggesting otherwise,

despite the Court's provision of additional time in which to do so.  Instead, he offers

mere speculation.  His proffer of a liquor license without the names of Hughes or

Oberman does not do enough—he offers only an unsubstantiated argument that

since defendant Sai's name appears on the liquor license, and defendant Sai has

copied Hughes and Oberman on a single email, that therefore there is a triable

issue.  The Court disagrees.

As such, the Court finds no triable issue of fact and GRANTS summary judgment to the defendants.

IV.    CONCLUSION

For the reasons set forth in this Opinion, summary judgment is GRANTED to both defendants.  The Clerk of Court is instructed to terminate the motions at ECF Nos. 110 and 117 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            December 19, 2017

_____
            KATHERINE B. FORREST
            United States District Judge